OTHO FARMER'S HEIRS v. JOHN FLETCHER.

Decision in *Purvis* v. *Harmason*, 4 An., 422, and *Thomas* v. *Phillips*, 7 An., 546, affirmed.

APPEAL from the District Court, Ninth District, Parish of Concordia, *Farrar*, J. *Stacy & Sparrow*, for plaintiffs and appellants. *J. P. Farrar*, for defendant.

MERRICK, C. J. This action, which is one of revendication, presents substantially the same question decided by this court in the cases of *Purvis* v. *Harmason*, 4 An., 422, and *Thomas* v. *Phillips*, 7 An., 546.

The claim was confirmed under No. 70, Class B., approved by Act of Congress 29th April, 1816, of claims to lands in the western district of Louisiana. See Statutes at Large, 3d vol., p. 329, sec. 1.

In this class it was entered as the claim of "*Ferdinand L. Claiborne*," "original claimant, *Otho Farmer*," "400 arpents," "settlement by permission."

143

The present case differs from the cases cited only in the remarks of the Commissioners in their report to Congress. Under No. 70, they say :

"In this claim is filed a plat of survey executed by *Peter Walker*, bearing date the 11th of April, 1803. The survey is made in favor of *Otho Farmer*, and certified by said surveyor to have been made by order of *Don José Vidal*, the commandant, etc., of the port of Concordia. On the back of the paper containing the plat is the certificate of the said commandant, bearing date also tho 11th April, 1803, setting forth that the survey was executed with his approbation, and that there were no objections to the claim, and that the papers should be presented to the intendent for the completion of the grant. No conveyance from the original claimant, *Farmer*, has been adduced, and although proof of occupancy has not been furnished in the claim, the board deem it to have been such a claim as ought to have been confirmed on the ground that no other evidence or document than that above mentioned would have been requisite in perfecting the title under the usages and customs of the Spanish government."

On the survey were the following endorsements:

"The conveyance from *Otho Farmer* to *Fred. Zerbau* is wanted. It may possibly be found in the records of the parish of Concordia, or in the possession of *Gen. F. L. Claiborne.* It should be transmitted to the Board of Commissioners, that their certificate of confirmation of the claim may issue in the name of the legal representatives of said *Zerbau*, if confirmed.

"Wanted proof of settlement," "Recorded folio 65," " *Otho Farmer*," "400 arpents," "11th April, 1803," "Registered at the office of Port Concordia, 14th March, 1804," " *Frederick Zerbau.*"

These endorsements upon the survey form no part of the report of the Commissioners to Congress, and cannot, therefore, be considered as controlling in any manner its effect.

That report places the name of *Ferdinand L. Claiborne* as the claimant of the land through *Otho Farmer.* We see nothing in the remarks accompanying the report recommending the confirmation of the claim to any one except *F. L. Claiborne.* The Act of Congress, therefore, must be held to have confirmed the claim in his name.

Counsel have questioned the correctness of the decision in the cases of *Purvis* v. *Harmason* and *Thomas* v. *Phillips.* Whatever our opinions might have been had the question been an original one, we think the rule in those cases is one of property, and now too well established to be disturbed. Doubtless none but the gravest considerations induced the court in the first of these cases to overrule the doctrine affirmed by many previous decisions, and extending through a period of many years.

Judgment affirmed.