ST. PAUL, J.
 

 This is an action against Mrs. M. F. Davis and her five children to correct and enforce a certain oil and gas lease on 200 acres of land near Cotton Valley, La., and for $10,000 damages for having, subsequent to the granting of said lease to plaintiff, granted another lease on the same property to a third person, whereby plaintiff was prevented from disposing of his lease to another party.
 

 The 200 acres belonged in indivisión to Mrs. Davis and her five children, one-half to the former.and one-tenth to each of the children, of whom three were of age and two were minors. The three children of age signed the lease with their mother; the mother signed for herself and as tutrix of the two minors.
 

 I.
 

 But as tutrix of her children Mrs. Davis had no authority to grant a mineral lease on their behalf without authorization of the probate judge; for the granting of a mineral lease on property is the granting of a servitude thereon (Frost-Johnson Lumber Co. v. Salling’s Heirs, 150 La. 756, 91 So. 207, see Syllabus 13) and hence constitutes a
 
 dismemberment
 
 of said property amounting to a partial
 
 alienation
 
 thereof (Hanby v. Texas Co., 140 La. 189, 194, 72 So. 933). And since the tutrix had no authority to grant said leas,e on behalf of the minors, the lease was null as to said minors.
 

 Now, plaintiff’s own testimony shows that it was this very defect in the lease which was the chief, if not the sole, reason why plaintiff could not dispose of his lease. And hence plaintiff’s claim for damages because he was unable to dispose of the lease falls of its own weight.
 

 II.
 

 There was a slight error in the description of the land which plaintiff seeks to correct, and if that were the sole issue involved plaintiff might be entitled to relief.
 

 But that is not the serious issue herein. For the two minor children, now of age, have repudiated the lease to plaintiff, as they had a right to do, and plaintiff is herein virtually seeking to have said lease forced upon them whether they will or no. This, of course, cannot be done, since courts cannot
 
 malee
 
 contracts for parties, but can only enforce them when made. And plaintiff’s lease must therefore continue defective in that respect, as it was at the start.
 

 III.
 

 As to Mrs. Davis and the three children who were of age and signed the lease with her, the matter stands thus:
 

 
 *1093
 
 There was a great deal of testimony taken to show that plaintiff had fraudulently changed a clause in the lease by which he was obligated, once having started to drill for oil or gas, to
 
 continuous
 
 drilling until he had reached a depth of 3,000 feet. But this is of no consequence, for the lease even as written provides that a well shall be drilled to a depth of 3,000 feet unless oil or gas in paying quantities be found at a shallower depth, and the law itself supplies the obligation on the part of the lessee that, once having started drilling, he shall continue the drilling diligently to the stipulated depth unless oil or gas be found at a lesser depth. Gray v. Spring, 129 La. 345, 363, 56 So. 305, Ann. Cas. 1913B, 372.
 

 And the evidence in this case shows that plaintiff went upon the land with a drilling outfit wholly inadequate to drill to the required depth, and at the end of nine months had drilled only 900 feet, which he might have done in as many days.
 

 It was on September 19, 1922, that plaintiff ceased entirely to do any drilling whatsoever (having started about December 10, 1921), and it was not until December 28, 1922 (being more than three months after plaintiff had ceased drilling entirely and more than one year after plaintiff had started), that defendants gave a new lease to another party and notified plaintiff that they considered his lease abandoned and canceled. And in our opinion they had waited quite long enough. It is true that about the time defendant ceased drilling as aforesaid (September, 1922) he sent Mrs. Davis the amount of the rental for a renewal of the lease for one year, which she accepted with the understanding that plaintiff was to continue drilling diligently. But, as we have said, he did nothing after that during the whole three months which elapsed before defendants leased to the other party.
 

 The judgment below was for defendants, and we see no error therein.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.