O’NIELL, Chief Justice
 

 (dissenting from the refusal of a rehearing).
 

 My opinion is that a rehearing ought to be granted for a further consideration' of
 
 *215
 
 the legal effect of the difference between a mining lease and a sale or reservation of the mineral rights in a tract of land. That there is such a difference no one can doubt. But there is a greater difference between a mining lease and an ordinary lease of a house or farm. For that reason the law which denies to a lessee of a house or farm the right to bring a petitory action against one who is unlawfully in possession of the house or farm is not appropriate to a lessee for mining operations. I do not see any substantial reason why the holder of a lease for mining operations should riot be permitted to sue a trespasser on the leased premises, or sue one who is unlawfully in possession of the leased premises — particularly when the lessee makes the lessor a party defendant in the suit, for refusing to institute the suit himself.
 

 While I adhere to my opinion that a mining lease is not the same thing as the servitude which is created by a sale of mineral rights in a tract of land, or by a reservation of the mineral rights in a sale of the land, I respectfully submit that this court has rendered many decisions which the ruling in this case cannot be easily reconciled with. For example, in Rives v. Gulf Refining Co., 133 La. 178, 62 So. 623, 624, it was said: “There is scarcely any comparison between them [meaning oil and gas leases] and the ordinary farm or house lease, although there is some resemblance in them to coal or solid mineral leases.” To the same effect see Cooke v. Gulf Refining Co., 135 La. 609, 65 So. 758. In Nabors Oil &. Gas Co. v. Louisiana Oil Refining Co., 151 La. 361, 91 So. 765, it was held that the law which denied to a lessee of a house or farm the right to dispute the title of his lessor was not applicable to the holder of a mining lease, and that such a lease was more like a sale than an ordinary lease, and hence that, if the holder of a mining lease should discover that his lessor had no title, he might acquire a valid lease from the owner of the land, and contest the title of the first lessor. In Choate Oil Corporation v. Glassell, 153 La. 715, 96 So. 543, it was said that mining leases were of the character of real property — being so declared by Act No. 232 of 1910, which authorizes the mortgaging of mining leases, as real property. In Noble v. Plouf, 154 La. 429, 97 So. 599, 600, it was said: “Rights acquired under a mineral lease are immovables, and cannot be established by parol evidence.” In American National Bank of Shreveport v. Reclamation Oil Producing Association of Louisiana, 156 La. 652, 101 So. 10, 12, it was said: “An oil lease or an oil well is not personal property, but real estate.” In Wiley v. Davis, 164 La. 1090, 115 So. 280, perhaps the court went too far in characterizing a mining lease, but it was well said that a tutor had no right to grant a mining lease on a minor child’s land without the authority of the probate • judge. In Powell v. Rapides Parish Police Jury, 165 La. 490, 115 So. 667, it was held again that the doctrine that a lessee could not dispute the title of his lessor was not applicable to a mining lease, “which,” said the court, “in that respect, is more like a sale than a lease.” Here the court cited a long list of decisions. It may be said that the language of the court has gone too far in some of its decisions, in comparing a mining lease with a sale or reservation of the mineral rights in a tract of land, but the court has not gone too far in distin
 
 *217
 
 guishing a mining lease from an ordinary lease of a house or farm. In that respect it appears to me that the court has established a rule of property which ought to be adhered to. On the importance of a court’s adhering to its decisions establishing a rule •of property, I respectfully refer to the following decisions: Levy v. Hitsche, 40 La.Ann. 500, 4 So. 472; Wetherbee v. Railroad Lands Company, 153 La. 1059, 97 So. 40; Straus v. City of New Orleans, 166 La. 1035, 118 So. 125; Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46, 82 A.L.R. 1264; Douglass v. Pike County, 101 U.S. 677, 25 L.Ed. 968; Anderson v. Santa Anna Township, 116 U.S. 356, 6 S.Ct. 413, 29 L.Ed. 633; Bolles v. Town of Brimfield, 120 U.S. 759, 7 S.Ct. 736, 30 L.Ed. 786; De Elzaburu v. Chaves, 239 U.S. 283, 36 S.Ct. 47, 60 L.Ed. 290. See, also, 15 C.J. 949, and Sutherland on Statutory Construction (2d Ed.) vol. 2, § 485, p. 906.
 

 In Roberson v. Pioneer Gas Co., 173 La. 313, 323, 137 So. 46, 49, 82 A.L.R. 1264, it was said:
 

 “The decisions of the highest court of a state, on the subject of oil and gas leases, or mineral rights, establish rules of property ; and they should not be reversed, even though a contrary rule might be deemed more logical, unless it be by an act of the Legislature. Farmer’s Heirs v. Fletcher, 11 La.Ann. 142; Cunningham v. Steidman, 133 La. 44, 62 So. 346; Minnesota Mining Company v. National Mining Company, 3 Wall. (70 U.S.) 332, 18 L.Ed. 42; Truskett v. Closser, 236 U.S. 223, 35. S.Ct. 385, 59 L. Ed. 549; Guffey v. Smith, 237 U.S. 101, 35 S.Ct. 526, 59 L.Ed. 856.”
 

 For these .reasons my opinion is that a rehearing should be granted in this case, to consider further the important rule of property in question.
 

 ROGERS and ODOM, JJ., concur.