HAMITER, Justice
 

 (dissenting).
 

 Unquestionably, the claimants herein intended that their rights to the estate of John L. Garrett, deceased, should be determined solely by agreement among themselves, not by the provisions of decedent’s last will and testament. That this is true is shown by their failure and refusal to probate the will, by their having themselves sent and put in possession of the estate in an intestate succession proceeding, and by their assenting to the solemn declarations of the written instrument dated June 17, 1941. Their agreement, therefore, has superseded the will, and its provisions are controlling herein.
 

 As to the construction and interpretation of the written contract, my views are in accord with those expressed by the Court of Appeal in the following language [24 So.2d 632, 634]:
 

 “The agreement clearly and definitely provides that Mrs. Mary McKinnon Garrett was given certain rights with reference to the property described, which may be briefly stated as follows: The use of the property during her lifetime; the revenues from the property; full charge of the real estate described.
 

 
 *695
 
 “In consideration of the above enumerated rights, Mrs. Garrett bound herself not to encumber or alienate the property to the disadvantage of the other parties to the agreement.
 

 “It is to be observed that the rights granted went beyond the use of the property and specifically comprehended the enjoyment of the revenues arising from the property during the entire lifetime of Mrs. Mary McKinnon Garrett. Regarded in this light as a plain contract, the interpretation of the instrument presents no difficulty. Only by wandering from the four corners of the instrument itself and the reasonable interpretation thereof does the matter present involved questions of interpretation.
 

 “Since ‘revenue’ indisputably includes rents, and since royalties under the well-established jurisprudence of Louisiana must be regarded as rents, we can only conclude that royalties accruing from the production of oil, under the plain provisions of the agreement at issue, belong to Mrs. Mary McKinnon Garrett during her lifetime.”
 

 Accordingly, I respectfully dissent with the majority holding, my belief being that the judgment of the Court of Appeal should be affirmed.