FOURNET, Justice
 

 (dissenting).
 

 It is my opinion that the Court of Appeal for the Second Circuit, in a well-considered opinion, has given an accurate statement of the facts of this case and has properly disposed of the issues raised. See 24 So.2d 632. Its judgment should be affirmed.
 

 When the widow and heirs of the late John L. Garrett executed the instrument of June 17, 1941, with respect to the property belonging to the community that had existed between Garrett and his wife, they agreed that the surviving widow would have the exclusive use and full charge of the realty belonging to the said community during her lifetime,
 
 as well as the revenues therefrom.
 
 They are bound by this agreement for, unaer the express provisions of the Revised Civil Code, it has the effect of law upon them and no one but the parties themselves can abrogate or modify it. Article 1945. See, also Larguier v. White, 29 La.Ann. 156; Union Tank Car Co. v. Louisiana Oil R. Corporation, 184 La. 121, 165 So. 638; Reconstruction Finance Corporation
 
 v.
 
 Mickelberry, 189 La. 105, 179 So. 49; and Vincent v. Bullock, 192 La. 1, 187 So. 35. It is also pointed out in this same article that “courts are bound to give legal effect to all such contracts according to the true intent of all the parties,” and
 
 this “intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.”
 
 (Italics mine.)
 

 The language used in the agreement is clear and unambiguous. In no sense can it be said the same would lead to absurd consequences. Consequently, the court is without authority to wander beyond the four corners of the instrument and in construing the same to substitute a technical legal word that was not only not used in
 
 *697
 
 the instrument but was neither intended nor contemplated by the parties when the instrument was drawn, for it is not the province of the court to either alter by construction the plain and obvious intention of the parties or to make new contracts for them by resorting to extrinsic evidence. See Blakesley v. Ransonet, 159 La. 310, 105 So. 354; Wiley v. Davis, 164 La. 1090, 115 So. 280; and Moriarty v. Weiss on second rehearing, 196 La. 70, 198 So. 655. In other words, when parties have with openness and care and deliberation prepared and confected a contract that is couched in clear and unambiguous terms, it is the letter of these contracts that must prevail and not some supposed or remote intent of the parties that can be arrived at by the bending or twisting of some of the words with the result that an entirely different agreement than the one entered into is reached. The parties must be held to have understood what they expressed in plain English.
 

 If the parties to the instrument of June 17, 1941, had had any intention of placing any limitations on the rights being granted the widow thereby, they could very easily have made a stipulation to that effect. That they did not intend to limit these benefits to the rights construed in the majority opinion is, I think, borne out by the fact that the instrument was obviously prepared by an attorney who, in its preparation, sought thereby to convey the true intention of the parties. Certainly it cannot be said the attorney did not know the difference between the granting to the widow of all of the revenues from the property and the granting to her of the mere usufruct thereof. Unless the parties meant by this instrument to grant the surviving widow all of the revenues from the property, the execution thereof was vain and useless, for the widow was entitled to the usufruct of the property under the will of her deceased husband and she received no benefit or advantage when she bound herself by the instrument not to alienate or encumber the property, an undivided half of which she owned unqualifiedly, during her lifetime.
 

 I therefore respectfully dissent from the majority holding.