OPELOUSAS COMPRESS CO., Inc. v. AMERICAN INS. CO. et al.

Nos. 2773–2779.

United States District Court
W. D. Louisiana, Opelousas Division.

Feb. 15, 1950.

relief can be granted, based on the face of the pleadings.

Stripped of their details, the complaints— all identical in the allegation pertinent here—show that the plaintiff is the owner of a cotton compress in Opelousas, Louisiana, and that it had insured its buildings and machinery with the seven defendant companies. The policies, attached to and made a part of the complaints, are of record and have identical provisions on the point at issue.

The fourth article of each of the seven complaints is identical in language, alleging:

. "That on August 30, 1948, while the above described policy of insurance, as well as the other insurance, was in force, the steam cylinder operating the cotton compress in the said premises exploded, causing the piston to penetrate the cylinder walls and fly through the roof, falling upon the building and damaging it as hereinafter stated."

The policies are primarily fire insurance policies and all bear the heading "Louisiana Standard Policy" which makes them statutory as to form. In addition to the fire coverage provided for in the policies, each policy has attached to it a printed rider or endorsement, entitled "Extended Coverage", which is the statutory "Louisiana Form No. E 4". The purpose of this rider, of course, was to increase the number or kinds of perils insured against. These added risks or perils are set forth on the face of the rider or endorsement, thus: "Perils of Windstorm, Hail, Explosion, Riot, Riot Attending a Strike, Civil Commotion, Aircraft, Vehicles, Smoke, *Except as Hereinafter Provided*." Emphasis ours. Certain exceptions or exclusions, therefore, were placed upon the coverage provided as to explosions and the other risks. The exclusions are clearly set forth with respect to each risk.

Defendants' motion is based on the provision of the extended coverage endorsement—identical in each policy—which applies to losses that may be caused by explosions, providing, in toto, as follows:

Felix A. DeJean, Jr., Opelousas, Louisiana, and Solomon S. Goldman, New Orleans, Louisiana, for plaintiff.

Stafford & Pitts, Alexandria, Louisiana, for defendants.

PORTERIE, District Judge.

These seven civil actions were filed in a local court and duly removed to this Court where they have been consolidated for the purpose of pleading and trial. The defendants, seven insurance companies, have filed a motion to dismiss on the ground that the complaints fail to state claims upon which

"Provisions Applicable Only to Explosions: This Company shall not be liable for loss by explosion, rupture or bursting of steam boilers, steam pipes, steam turbines, steam engines, flywheels owned, operated or controlled by the Insured or located in the building(s) described in this policy.

"Any other explosion clause made a part of this policy is superseded by this Extended Coverage."

■ The provision that: "This Company shall not be liable for loss by explosion * * * of steam engines * * * owned, operated or controlled by the Insured or located in the building(s) described in this policy" is clearly unambiguous. We therefore have at bar the single question of contract interpretation, which is a question of law for the court to decide since the contract is unambiguous. Bradley v. Prudential Ins. Co. of America, 9 Cir., 70 F.2d 988; Wright v. Ætna Life Insurance Co., 3 Cir., 10 F.2d 281, 46 A.L.R. 225; See, also, Baltimore & Carolina Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 891, 79 L.Ed. 1636; 6 R.C.L. 862.

■ Just as sure as the court must not usurp the province of the jury by deciding questions of fact beforehand, it must not submit to a jury questions of law which it should itself decide. Mere questions of law may be disposed of peremptorily under the Federal Rules of Civil Procedure, 28 U.S. C.A.

■ The law of Louisiana is controlling here. Article 1946 of the Revised Civil Code of Louisiana provides: "The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use."

The laws of other jurisdictions are the same. See 17 C.J.S., Contracts, § 301, page 718.

■ Courts cannot make contracts for the parties, but must enforce them as written. Blakesley v. Ransonet, 159 La. 310, 105 So. 354; Wiley v. Davis, 164 La. 1090, 115 So. 280; Moriarty v. Weiss, 196 La. 34, 198 So. 643; In re Wade, D.C., 62 F.Supp. 451.

■ An insurance policy is the contract between the parties and as between them it is the law. La.R.C.C., art. 1901; Robinson v. First Nat. Life Ins. Co., La.App., 10 So. 2d 249.

■ An insurance policy is a contract, and the rules for construing written instruments apply to contracts of insurance. Parks v. Hall, 189 La. 849, 181 So. 191; Taormina v. National Hospital Service Ass'n, La.App., 43 So.2d 31; See also 44 C. J.S., Insurance, § 289, page 1136.

The question here, differently stated, is: May the plaintiff remain in court in the instant case by alleging that a "steam cylinder" exploded in the face of the exclusion in the policy regarding the explosion of "steam engines"?

■ "Steam engine" is unambiguous. It is a noun and not an adjective or adverb. It is subject to judicial cognizance as a scientific fact. Brown v. Piper, 91 U.S. 37, 23 L.Ed. 200; Eureka Vinegar Co. v. Gazette Printing Co., C.C., 35 F. 570; Jones on Evidence Civil Cases, Vol. 1, Sec. 128, p. 225; McKelvey on Evidence, 5th Ed., Sec. 37, Page 70. The word "steam" means only one thing, water in gas form; the word "engine", when used in connection with steam, can only mean a contrivance which harnesses the steam. Man uses steam for heat or energy. In order to use it for energy, it is made in a boiler, piped to an engine, and there harnessed by means of a cylinder and piston. The cylinder contains the steam which exerts its pressure upon the piston and by means of valves strategically placed the piston is sent back and forth within the cylinder. It is a matter of common knowledge, as it is taught in the elementary schools as plaintiff's brief states and diagrams.

■ The energy of steam engines is used for different purposes; such as, for turning shafts connected to fans or other types of rotary machines. Then the energy may be used for pressure application and so the energy is directed to such machines or apparatus as a cotton compress. See, Reynonds v. Washington Real Estate Co., 23 R.I. 197, 49 A. 707, 709.

The diagram submitted by plaintiff in brief clearly show the cylinder as the place where the steam does the required work by pushing the piston to which is attached the rod which transmits the energy to the apparatus or machine—whether it be the wheels of a steam locomotive or other rotary machine, or of a cotton compress where pressure is needed.

Plaintiff's brief states: " * * * and again a steam engine is illustrated and again a fly wheel, a shaft, a driving rod and an eccentric rod form an integral part thereof." That is absolutely correct, as a matter of common knowledge—but incomplete. To those composite and integral parts of the steam engine must be added the most important part, the "cylinder" (or "steam cylinder"), which contains the piston going back and forth therein. In fact, the cylinder is more the steam engine than any other composite part, as it and it alone contains the steam when the steam finally does the desired work of pushing the piston back and forth.

The complaint alleges that " * * * the steam cylinder * * * exploded causing * * *" damage. It is immediately seen that it is not the cotton compress that exploded, for it could not, as it is not a steam engine; it contains no cylinder, etc., for receiving steam—it is but a mechanical apparatus or machine. Clearly a steam cylinder is a part of a steam engine. Certainly the piston, a composite part of a steam engine, cannot explode, as it contains no steam—it can merely be expelled when the cylinder explodes—exactly what it is alleged happened in this case. Only the boiler, pipes, cylinder and valves, etc., which contain and conduct the steam in its path and cycle can explode and expel other parts—or parts of themselves—of a steam engine.

For plaintiff to allege that a "steam cylinder" exploded instead of a "steam engine" is to play on words. Plaintiff cannot use a word synonymous with the excluded explosion and yet remain in court. Judgment must be for the defendants.

But, plaintiff contends that the simple deduction just above drawn from the plain language of article four of its complaints is to be left to the jury. We say that there is no conflict of facts or of meaning; the language of article four just simply means a steam engine; it is a matter purely of law and solely for the court.

Additionally, plaintiff quotes definitions and points to the diagrams accompanying them, as found in elementary school textbooks. Then, plaintiff shows that the language of article four is not identical to the language of the elementary textbooks; that, therefore, a conflict of meaning, or of facts, arises, and that is exclusively for the jury. Hereinabove, we have shown the contrary: " * * * the steam cylinder * * * exploded * * *" (Complaint article four) can only mean " * * * explosion * * * of * * * steam engine * * *" (policy exclusion); no conflict of facts and no possible difference in meaning.

Again, plaintiff goes further, in argument, and says that the simple language of the elementary school textbooks is not in the complaint verbatim and that this simple language is to go to and control the jury, for they are laymen. The hope here is for a gamble—that the jury, in a spirit of charity, would give a verdict for the plaintiff when none is due as a plain matter of law. Remember that the jury would have to be told by the court that they are the masters of the facts and especially of the deductions to be made from the facts. The mere giving of the case to the jury would give to plaintiff's empty contention a substance that it does not merit.

Further, on the subject of burden of proof, the following language, taken from page 778, in the case of Lever Bros. Co. v. Atlas Assur. Co., 7 Cir., 131 F.2d 770, 778, is appropriate: "The special conditions here in question were not a part of the insuring clause but were in the conditions which limited the company's liability. Where the condition which purports to limit the liability previously set out in general terms appears elsewhere by rider or endorsement and is not an integral part of the insuring clause, then in such case the burden is upon the insurance company to plead and prove the condition that would relieve it from liability. There was no error

in overruling the motion to dismiss or in the instructions as to the burden of proof."

We are deciding the instant case assuming the defendants have the burden " * * * to plead and prove the condition that would relieve it from liability."

Moreover, it is debatable whether or not the question of who has the burden of proof enters in this case. Since defendants' motion is on the face of the pleadings, the question of burden of proof does not enter this case because there is no issue as to facts. Everything factual in the complaint is assumed to be true and proved.

Judgment in keeping with this opinion will be signed when presented.