TALIAFERRO, Judge.
This suit has for its purpose the annulment of the sale of a used Ford automobile by B. G. Willis, resident of the City of Shreveport, Louisiana, unto D. Jessie Reeme, an unemancipated minor, and to recover all amounts paid on account of the purchase price by said minor, who is represented in the suit by his father, B. F. Reeme.
Part of the purchase price of the sale was represented by note of said minor, secured by mortgage on the car. The note was acquired by Motors Securities Company, Inc. That company and Willis were made defendants. The facts of the case are, in the main, not contested.
The minor approached Mr. Willis’ representative, Pat. M. Mizell, prior to December 2, 1948, about buying the car, on the price of which he offered to trade in his old truck, and again took up the matter with Mizell on that date. After some discussion between them they reached terms of agreement whereby a trade-in value of $255 was placed on the truck. The balance due on the price of the car, including carrying charges, was fixed at $552.60, payable in twelve (12) monthly installments of $46.05. It was late in the afternoon when terms were reached and the services of a notary public were not available. Young Reeme was advised to return the next day and he did so. In the meantime Mizell learned of his minority and refused to proceed further with the trade. The boy was anxious to acquire the car, and asked if he should get someone (a major) to sign with him, whether that would meet the situation, and was answered in the affirmative. He then contacted his brother, Clarence B. Reeme, emancipated by marriage, who was willing to sign the papers, note and mortgage. The two bqys signed same in blank, or before either was fully filled out. Notwithstanding all of this, it is made clear that all concerned understood that Clarence B. Reeme acquired no proprietary interest in the car. As before stated, the Motors Securities Company, Inc. acquired the note and thereafter was paid thereon by D. Jessie Reeme the sum *835 of $230.25. Judgments against Willis for $255 and against Him and Motors Securities Company, Inc., in solido, for $230.25, are sought. The answer of the Motors Securities Company, Inc. is, in effect, a general denial.
Defendant, Willis, alleged that the sale was in reality made to Clarence B. Reeme, emancipated by marriage, and, therefore, is not subject to be annulled by D. Jessie Reeme, a minor, “who was not actually a party thereto.”
In the alternative, should it be held that the salé was, in reality, to said minor, it is alleged that the sale of the car inured to his benefit in that it was used by him in going to and from his work, and, therefore, was necessary to him under the circumstances.
Further, in the alternative, Willis pleads that before the sale can be annulled, and as a condition precedent to restoration of the status quo ante, the car must be produced and restored to his possession.
Further, in the alternative, Willis alleges that he is entitled to a “credit or discount equal to the sum that the use of said automobile inured to the benefit of said minor or reasonable rental thereof.” And, that as he used same for his own benefit for seven months, the value of such use should be fixed at $485.25.
He prays in consonance with his allegations.
The demand as against the Motors Securities Company, Inc. was rejected and suit against it dismissed. This defendant has passed from the case. There was judgment against Willis for $480.25 less $210, or $30 per month, fixed as the value of the use of the car by the minor for such period. Willis, only, appealed. Reeme, in answer to the appeal, has asked that the credit of $210 be disallowed.
In brief, following the allegations of his answer, Willis submits that his defenses to the demand are these, viz.:
1. That the sale was made to Clarence Reeme and not to Jessie Reeme;
2. That tender to him of the automobile was a condition precedent to prosecution of the suit;
3.That he is entitled to credit for the value of the use of the car by Jessie Reeme.
So far as concerns who was the real purchaser of the,car, the record leaves no doubt. Mr. Mizell was fully advised on this score and doubtless wished to have some major’s name on the note and mortgage against whom the Motors Securities Company, Inc. could legally proceed in event of default in payments on the note. Of course, as to> the company, Clarence Reeme would hardly be allowed to contest the terms of the mortgage and note. It acquired the note in good faith and before maturity. The rule, ■ as regards Willis, whose representative was cognizant of all the' facts and whose knowledge is imputable to and binding on his principal, is quite different.
As to the lack of tender, there is little comfort for defendant in the law on this point.
As said in Russo v. Russo, 205 La. 852, 18 So.2d 318, 319, “The general rule of law is that a party who seeks the annulment of a commutative contract must offer to return or tender the return of the consideration received as a condition precedent to the right to institute such a suit.” There are, however, exceptions to this general rule. Appellee relies upon Articles 1793 and 2229 of the Civil Code, the latter of which reads: “When minors, persons under interdiction, or married women are admitted, in these qualities, to the benefit of restitution against their engagements, the reimbursement of what may have been paid, in consequence of those engagements, during minority, interdiction, or marriage, can not be required of them, unless it be proved that what was paid accrued to their benefit.”
As we understand the opinion in the Russo case, supra, 18 So.2d on page 320 the Court says that Article 1793 of the Civil Code does not apply to contracts subject to be annulled on account of minority of one of the parties thereto.
In the present case, the merits of the plea of lack of tender is controlled by the facts pertinent to whether the acquisition and use of the car by Jessie Reeme, in legal *836 contemplation, “accrued” or “inured” to his interest and benefit. Article 2147 of the Civil Code, similar to 2229, expresses the exception in the negative. It says: “it is not sufficient if it (the payment) was applied merely to contribute to his pleasure.”
To hold a minor to the fulfillment of his contracts, it must be shown that they were beneficial to his interest, and advantageous to his personal or financial welfare. In such cases he will not be allowed to retain accrued benefits and at the same time escape his obligations on the ground of minority.
The car was used by Jessie Reeme at times to go to his work five or six miles away, but, we gather from the record, it was also used regularly for pleasure. It was involved in a collision in January, less than two months after its purchase, and out of running order for an indefinite time. It is made quite clear that the use of the car by young Reeme was not of such nature as to fall within the exception named in Article 2229 of the Civil Code.
The strictness of the principle here discussed is clearly reflected in the case of D. H. Holmes Company, Ltd., v. Rena, La.App., 34 So.2d 813. There a girl of seventeen purchased wearing apparel for herself to the amount of One Thousand ($1,000.00) Dollars. She escaped being held liable for the amount. It was held that the apparel could not legally be denominated “necessaries” and that in like manner it did not inure to her benefit, in the sense declared by the law.
We believe that to do equity in the case, defendant should be allowed the credit the Court gave him. True, as argued, the testimony does not fix the value of the use of the car for the time it was in young Reeme’s possession, but the amount fixed appears fair. To do otherwise would certainly be tantamount to allowing the minor to enrich himself at Willis’ expense when there remains available a chance to, an extent, neutralize the wrong.
The judgment from which appealed does justice in the case, and for the reasons herein assigned1, it is affirmed with costs.