ELLIS, Judge.
Pursuant to a written agreement between Andrew Hunt and Jim Walter Corporation, the latter constructed a shell home for Andrew Hunt. The home was to have been placed on a 75 x 75 foot lot which Andrew Hunt had purchased from his father, Henry Hunt. The shell home, however, was actually placed wholly or in part on the land ■of Henry Hunt.
The instant case has as its primary object the recovery of $3,672.00 plus interest and attorneys fees, representing the amount of the mortgage note signed by Andrew Hunt. Judgment in solido against Henry Hunt is also prayed for on the theory that, even though Henry Hunt did not sign the note, he knew of the construction and has since refused to allow its removal.
In the alternative, plaintiff prays for authority to remove the shell home from Henry Hunt’s property. Also in alternative pleadings plaintiff seeks a money judgment under a vendor’s lien, on quantum meruit, and under the doctrine of unjust enrichment.
Andrew Hunt has pleaded his minority as a defense to the demands of plaintiff, formerly renouncing the agreement. In re-convention Andrew Hunt seeks judgment for $1465.34 against Jim Walter Corporation for expenses incurred during his minority in connection with completing the shell home.
Henry Hunt in reconvention seeks damages for the wrongful use of his land and for repairs to his road necessitated by the fact that the trucks delivering materials bogged down.
After trial on the merits the lower court rejected all demands made by all parties other than the demand of Jim Walter Corporation that it be allowed to remove the shell home. The rights of defendants to recover damages occasioned by the removal were specifically reserved. Defendants appealed seeking damages and plaintiff answered the appeal citing as error the failure of the court to award plaintiff a money judgment. Plaintiff also seeks damages for a frivolous appeal.
Article 1785 of the Louisiana Civil Code provides in part that a
“ * * * minor is incapacitated from contracting, but his contracts may be rendered valid by ratification, either express or implied, in the manner and on the term stated in this title *
Having elected to rescind the agreement entered into during minority, and there being no evidence of an express or implied ratification, it is elementary that there can be no money judgment against Andrew Hunt based on the note and mortgage.
Plaintiff, under Article 2587 of the Louisiana Civil Code, is bound to
“ * * * reimburse to the purchaser, not only the purchase money, but also the expenses resulting from necessary *93 repairs, those which have attended the sale, and the price of the improvements which have increased the value of the estate, up to that increased value.”
Therefore, the lower court was in error in failing to award Andrew Hunt judgment in an amount equal to the price of the improvements, which are as follows:
Carpenter work, putting up sheetrock $ 56.00 (Mr. Jenkins)
Plastering and finishing sheetrock 240.00 (Mr. Galloway)
Plumbing and'piping (Mr. Knight) 90.00
Trimming and putting down floors 25.00 (Mr. William A. Cook)
Building cabinets and also sink handles 32.00
Wiring and electrical work 40.00 (Mr. Johnson & Mr. Pittman)
For materials bought at Poole Lumber Co. 599.65
Andrew Hunt’s labor 150.00 $ 1,232.65
No recovery to the minor will be allowed for the well and water pump because these items do not constitute a part of the house and are not subject to removal by plaintiff. Nor can Andrew Hunt recover $10.00 paid as a deposit to secure electric service. That does not form part of the house and is recoverable from the utility.
The price of the improvements is due, of course, only in the event that Jim Walter Corporation actually exercises the right of redemption. Plaintiff may elect not to redeem the shell home and simply abandon it. In that event it would remain the property of Andrew Hunt.
Such a result is not inequitable for it must be assumed that plaintiff will redeem the home if its value is greater than the improvements placed therein by the minor. If the improvements are actually of greater value than the house, the minor has not been unjustly enriched as it was he who paid for the improvements.
Henry Hunt did sustain damage to his private road as a result of heavy trucks using it after a rain. Certainly, these trucks were acting for Jim Walter Corporation, delivering building materials needed for the shell home construction. The repairs to the road were made by Mr. Hunt himself with dirt and gravel. We believe that $100.00 will adequately compensate Mr. Hunt for the damage sustained by his road.
 Henry Hunt also claims damages for trespass. Insofar as this is claimed for use of the road it must be denied. Certainly, permission existed for his son to use the road. Consequently this permission extended to those using it with Andrew Hunt’s permission. The shell home does, however, encroach on his property. Whether this is the fault of the plaintiff or Henry Hunt himself is not clear for the latter actually placed stakes showing the location of the lot prior to construction. Whether the stakes were incorrectly placed or whether the carpenters failed to follow them has not been established. While there is the testimony of Henry Hunt that the houses were placed in a location that interfered with a proposed road, this court is unimpressed with the contention that any real injury has resulted to Henry Hunt by virtue of the tres *94 ;pass. Having failed to prove any real damages or that he was not at fault by incorrectly placing the stakes, no damages can he allowed for this trespass.
Jim Walter Corporation cannot •seriously expect to hold Henry Hunt responsible on a mortgage note which he did not sign. The limit of a landowner’s obli.gation to the owner of an encroaching improvement is to pay its value if he refuses to allow its removal. Neither can he be 'held for interest and attorneys fees. In the instant case Henry Hunt testified that he had no objection to the removal and that liis only interest was in collecting damages. Therefore, there can be no money judgment against Henry Hunt unless he subsequently refuses to allow the removal of the shell house.
The evidence discloses that several trees belonging to Henry Hunt will have to he removed in order to remove the house. Henry Hunt has a right to compensation for this damage when and if it actually occurs. Consequently, the reservation of this right by the lower court was proper.
The final possibility is that Jim Walter Corporation will elect not to remove the house and thus avoid possible future •damages to Henry Hunt as well as reimbursing Andrew Hunt for the price of the improvements. In that event the house would be the property of Andrew Hunt and its removal from the property of Henry Hunt would be a matter between father and son.
The judgment of the lower court is affirmed and amended to allow Andrew Hunt •a conditional money judgment against Jim Walter Corporation in the amount of $1,-232.65, conditioned on the election of Jim Walter Corporation to remove or abandon the house. The judgment is further amended to allow Henry Hunt a judgment for $100.00 for damage to his road.
Amended and affirmed.