ELLIS, Judge.
This case and the case of Jim Walter Corporation v. Hunt, et al., La.App. 183 So.2d 91, were consolidated for trial below. The defendants are Ronald and Myrtle Hunt Gay and Henry Hunt, Myrtle’s father. Mr. and Mrs. Gay purchased a lot 75 by 75 feet out of a seventeen acre tract belonging to Henry Hunt. The lot was separated from the property of Andrew Hunt by a third 75 foot lot which remained the property of Henry Hunt.
An agreement was entered into between the Gays and Jim Walter Corporation for the construction of a shell home on the lot and a mortgage was executed by the Gays in favor of Jim Walter Corporation for $6,216.00. The home was constructed but was placed either wholly or in part on the land of Henry Hunt. No payments have been made under the mortgage and Jim Walter Corporation has instituted this suit for a money judgment and in the alternative for authority to remove the house from the land of Henry Hunt. Judgment is sought against Henry Hunt for the amount of the note, which he did not sign, on the theory that he knew of the construction and has refused to allow the removal of the house.
Henry Hunt made reconventional demands for damages for trespass and for damages to his private road. These demands were actually passed on and disposed of in Jim Walter Corporation v. Andrew Hunt, supra. They need not be reconsidered here.
Mr. and Mrs. Gay seek to avoid payment of the mortgage note because of a failure of consideration resulting from defective construction of the shell home. The lower court, as in the consolidated case, authorized the removal of the shell home but denied all claims by both parties for damages or money judgments.
Except insofar as the judgment of the lower court failed to award damages in favor of Mr. Hunt for damage to his road, we are in accord with the judgment of the lower court in this case. Those damages, having been awarded in the consolidated case, need not be further considered here.
Seeking to prove the allegation that the shell house was defectively constructed, the Gays called Mr. Robert L. Lobdell as an expert witness in the field of architecture. Mr. Lobdell testified that he made an inspection of the structure approximately two-years after its construction, during which time it had remained unoccupied. Mr. Lob-dell listed approximately twenty-five specific structural defects and on May 9, 1963 in a letter to the defendant’s attorney summarized his findings as follows:
“The house in general exhibits very poor workmanship. Practically any portion that is examined both superficially and critically exhibits faults that directly result from the use of ‘less than average’ materials and very poor and shoddy workmanship.”
Some of the more serious defects enumerated by the witness were the following t
1. A lack of corner bracing.
2. A failure to lap the top wall plates. This will result in a warped and twisted structure.
*96 3. Unlevel floors that contain ''fly-joints”.
4. Erratic spacing of ceiling joists.
5. Erratic ridge line produced by roof rafters which do not oppose each other at the roof ridge.
6. Strut bracing of the roof with 1 x 6 material.
7. Failure to brace the roof to the bearing plates.
8. Use of crooked studs in wall frame resulting in the walls being out of plumb.
9. Use of an unsupported ceiling beam in the laundry room.
10. Considerable sag in the car port.
11. Placing the ground sills on the West side of the sloping property at ground level.
12. Failure to level the eaves of the roof.
13. Construction of some of the piers of several component members which are not joined together.
Certainly some of the defects could be corrected but others could not be corrected short of tearing out large portions of the house and rebuilding it. The roof would have to be repaired in this manner. Mr. Lobdell’s estimate of the situation was that the house could be made livable at considerable expense but that the owner would have to accept some compromise with quality, even for a shell home.
In view of that uncontradicted expert testimony the judgment of the lower court denying Jim Walter Corporation a money judgment against Mr. and Mrs. Gay will be affirmed.
In connection with the claim of Jim Walter Corporation for a money judgment against Henry Hunt, which is the same argument made in the companion case, it must be denied for the same reasons as therein set forth.
The Gays have reconvened for damages consisting principally of inconvenience and for rent which they have had to pay subsequent to the erection of the house. This court is not impressed that defendants have suffered any real damages. Had they not been paying rent they would have been paying monthly installments on the mortgage and, consequently, they are not appreciably damaged financially. However, there was certainly some inconvenience caused by the failure to properly construct the house and some expense in storing the furniture. We believe that damages in the amount of $50.00 will adequately compensate defendants.
Plaintiff has sought to rely on an acceptance of the work signed by Mr. Gay. The uncontradicted testimony of Mrs. Gay establishes that the acceptance was signed prior to completion of the house for convenience, as Mr. Gay was expected to be away at his job when the house was completed. While it was imprudent to deliver the acceptance to plaintiff under such circumstances, plaintiff is not entitled to rely on it to defeat defendant’s right to plead and prove the defects of construction.
The trial judge neglected to fix the expert witness fee for Mr. Lobdell. There is no evidence of the length of time Mr. Lobdell was away from his office to testify. However, considering that both his office and the court are in Covington, we are of the opinion that $30.00 will be adequate and should be taxed as costs. All costs should be taxed to plaintiff.
Affirmed and amended.