DECUIR, Judge.
This matter arises out of a suit by Brandie Ann Deville against the Federal Savings Bank of Evangeline Parish for damages as a result of an alleged violation of an order prohibiting without court approval the disbursement of monies from plaintiff’s funds on deposit with the defendant bank by virtue of tutorship proceedings.
Plaintiff moved for summary judgment requesting the return of the sum of $27,-767.92 which was allegedly wrongfully disbursed from a savings account certificate held in plaintiff’s name while she was a minor. The trial court granted plaintiff’s motion on the issue of liability decreeing defendant liable for all sums disbursed from the principal of plaintiff's account subsequent to the court order rendered November 10,1988. The parties subsequently entered into a joint motion for stipulated judgment wherein the parties agreed to the amount of damages in the event the trial court’s judgment on the issue of liability becomes final. Pursuant to the joint motion, a stipulated judgment was rendered in *435 favor of plaintiff and against the defendant bank in the sum of $27,767.92, plus costs and interest from December 17, 1991, the date Ms. Deville reached the age of majority-
Defendant now appeals the judgment of the trial court granting plaintiffs motion for summary judgment on the issue of liability. Defendant contends the trial court erred in granting plaintiffs motion and in holding defendant to the terms and conditions of the November 10, 1988 Order, when defendant was not a party to the proceedings and was not served with a copy of said Order. Defendant also contends on appeal that the trial court erred in awarding the sum of $27,767.92. Because defendant stipulated to the amount of damages, it cannot now complain of this award on appeal. Therefore, the only matter before the court is the judgment on the issue of liability. We reverse for the following reasons.
FACTS
Mary L. Vidrine, as tutrix of Brandie Ann Deville, filed an action for the wrongful death of Ms. Deville’s natural mother. Pursuant to a court approved settlement, Ms. Deville received a certain sum which was deposited with the defendant, The Federal Savings Bank of Evangeline Parish, under the supervision of Ms. Deville’s tu-trix, Mary L. Vidrine. Apparently, sometime in 1988 Ms. Deville’s natural father requested a temporary restraining order to limit the disbursement of funds from plaintiff’s account. The defendant was served with the restraining order directing defendant to cease and desist from further disbursement of funds. On November 10, 1988, a judgment was rendered dismissing plaintiff’s father’s requests for injunction and recalling the temporary restraining order. On the same date, an amended judgment was rendered appointing Mary L. Vid-rine as tutrix and ordering that the principal of the funds of Brandie Ann Deville not be expended without order of the court. The record reflects that the defendant, The Federal Savings Bank, was not a party to the proceeding in which the order at issue was rendered. The record also reflects that the defendant was never served with the order, nor was service of the order requested to be made upon the defendant bank. Additionally, the record is inconclusive as to whether the defendant may have had knowledge of the order in question.
In the spring of 1991, plaintiff, with the concurrence of her tutrix, began to make a series of loans from the defendant bank. The record is devoid of any evidence as to who actually received these monies. The loans were secured by pledge of funds on deposit in the name of Brandie Ann Deville. The loans were set up to become due at the maturity date of the certificate of deposit. The loans were paid by an offset or debit of plaintiff’s savings account when the loans became due. Therefore, the principal of plaintiff’s funds on deposit was expended to repay the loans. Ms. Deville reached the age of majority on December 17, 1991, after which time she withdrew the remaining funds on deposit.
LAW AND ARGUMENT
Plaintiff in the court below contends that the defendant violated the order of November 10, 1988, by paying off outstanding loans from plaintiff’s funds on deposit without court approval and further that defendant made loans secured by pledge of plaintiff’s funds in violation of LSA-C.C. art. 3148 and LSA-R.S. 6:763 B. After a review of these statutes and the evidence adduced, we conclude that plaintiff’s remedy lies against the tutrix for violation of these statutes.
A summary judgment should only be granted where there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Hammer v. City of Lafayette, 502 So.2d 301 (La.App. 3rd Cir.1987). The issue before the court is whether the Federal Savings Bank can be held to have violated the order of November 10, 1988, when it was not a party to the action nor served with a copy of said Order. The issue before the court is a legal question within the province of the court. Rougeau v. Commercial Union Insurance Compa *436 ny, 432 So.2d 1162 (La.App. 3rd Cir.1983), writ denied 437 So.2d 1149 (La.1983), appeal after remand 465 So.2d 178 (La.1985); Hammer, supra.
Defendant cites LSA-C.C.P. art. 1201 in support of its contention that because defendant was not served with the November 10, 1988 Order, it cannot be held to be bound by said Order. We agree and conclude that C.C.P. art. 1201 is applicable to the matter sub judice. Because defendant had an interest which could have been adversely affected by the proceeding in which the Order was issued, service of the Order on the defendant is necessary.
REVERSED. Costs of appeal are assessed against plaintiff-appellee.